THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America | Cr. No. 3:18-00794-CMC |
| v. | |
| JUSTIN MAURICE WILLIAMS, | **OPINION and ORDER** |
| Defendant. | |

Acting *pro se*, Justin Maurice Williams ("Williams") seeks relief pursuant to 28 U.S.C. § 2255, claiming his guilty plea and conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for being a felon in possession of a firearm and ammunition are invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and therefore, should be vacated. ECF No. 46. The Government responded by filing a motion for summary judgment. ECF Nos. 57, 57-1, 57-2. Williams did not reply to the Government's motion. This matter is ripe for resolution.

## I. Procedural Background

On August 21, 2018, a federal grand jury returned an indictment ("the Indictment"), charging Williams with a single count of being a felon in possession of a firearm, specifically charging:

> That on or about April 26, 2018, in the District of South Carolina, the Defendant, JUSTIN MAURICE WILLIAMS, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition, that is, a .38 caliber Ruger Model LCR Revolver and .38 caliber ammunition, all of which had been shipped and transported in interstate and foreign commerce;
>
> In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

ECF No. 4 at 1.

On January 8, 2019, Williams pled guilty to Count 1 of the Indictment without the benefit of a plea agreement. ECF Nos. 34, 44 at ¶ 5, 64 at 4, 14–15, 24, 28. Notably, in conducting the plea colloquy on Count 1, the court followed then current law and did not advise Williams that knowledge he had been convicted of a crime punishable by imprisonment exceeding one year at the time he possessed the firearm and ammunition at issue was an element of the offense. *See United States v. Langley*, 62 F.3d 602, 604–08 (4th Cir. 1995) (*en banc*) (holding defendant's knowledge of his felony status is not essential element of offense under §§ 922(g)(1) and 924(a)(2)), *abrogated by Rehaif*, 139 S. Ct. at 2194. The Government gave the following recitation of facts it would be able to show if Williams elected to go to trial:

> [O]n April 26, 2018, [Columbia Police Department] received a 911 call involving Mr. Williams being in possession of a firearm as well as an alleged dispute. When they arrived at the scene here in Columbia, Mr. Williams was present along with two females. In speaking with one of the females, the female victim alleged that Mr. Williams had been in possession of a firearm. They went to Terry frisk Mr. Williams and there was nothing on his person. The other female present, when asked what was going on, said that she had just drove Mr. Williams to the scene and her vehicle was right there next to Mr. Williams. Officers asked her for consent to search that vehicle, and when they did they found in the glove compartment the Ruger .38 pistol.
>
> Mr. Williams was asked about that pistol, Mirandized, and to the [Columbia Police Department] officers admitted that that pistol was his and stated that he had bought it at a gun and knife show.
>
> Subsequent to that, Mr. Williams was reinterviewed by Special Agent Richard Brown and again admitted post *Miranda* to being in possession of that firearm.
>
> The interstate nexus expert, actually Special Agent Brown, reviewed that Ruger firearm and found that it was manufactured outside of the state of South Carolina, I believe in New Hampshire, as well as the ammunition that was in the firearm was manufactured in Brazil, so both of those traveled in interstate and foreign commerce.

2

> As of the date that he was in possession of this firearm, that being Mr. Williams, April 26, 2018, he had been convicted of a crime punishable by imprisonment for a term exceeding one year, specifically, arrests and convictions for grand larceny, burglary second, attempted armed robbery, strong arm robbery, and assault and battery second, Your Honor.

ECF No. 64 at 26–27. Williams answered "Agree" in response to the court's question "Mr. Williams, do you agree or disagree with what [counsel for the Government] just told me?" *Id.* at 27. After the court confirmed Williams understood all the court had gone over and he had no unanswered questions, Williams pled guilty to Count 1. ECF Nos. 34, 64 at 28.

A Pre-Sentence Investigation Report ("the PSR") set forth the information necessary to calculate Williams' advisory sentencing range under the United States Sentencing Guidelines ("USSG" or "the Guidelines").[1] ECF No. 44. Based upon such information, the PSR calculated Williams' total offense level at 27 and his criminal history category at V, producing an advisory sentencing range under the Guidelines of 120-months imprisonment (due to the statutory maximum for a conviction under §§ 922(g)(1) and 924(a)(2)). *Id.* at ¶¶ 28, 49, 63. Included in this total offense level of 27 was a four-level enhancement pursuant to USSG § 2K2.1(b)(6)(B), as a Specific Offense Characteristic, for using or possessing the firearm in connection with another felony offense (domestic violence of a high and aggravated nature). *Id.* at ¶ 40. Williams objected to this enhancement on the ground his pending charge for domestic violence of a high and aggravated nature had been dismissed. ECF No. 38. The court sustained the objection, resulting in a total offense level of 23 and an advisory sentencing range of 84 to 105-months imprisonment. ECF Nos. 40, 42. Notably, by pleading guilty, Williams received a three-level decrease in his total

---

[1] Williams was sentenced under the 2018 Guidelines Manual. ECF No. 44 at ¶ 35.

offense level for acceptance of responsibility. *Id.* at ¶¶ 47–48. Without this decrease, Williams' advisory sentencing range would have been 110 to 120-months imprisonment. 18 U.S.C. § 924(a)(2); USSG Ch. 5, Pt. A (Sentencing Table) (2018).

With respect to Williams' criminal history, the PSR reported he had been convicted of the following crimes punishable by imprisonment for a term exceeding one year and for which he was actually sentenced to a term of imprisonment exceeding one year: (1) a May 2007 South Carolina state court conviction for attempted armed robbery, for which he was sentenced to four-years imprisonment with credit for 336 days, ECF No. 44 at ¶ 20; (2) a May 2007 South Carolina state court conviction for burglary, second-degree, for which he was sentenced to four-years imprisonment, *id.* at ¶ 21; (3) a May 2007 South Carolina state court conviction for grand larceny, for which he was sentenced to four-years imprisonment, *id.*; (4) two August 2013 South Carolina state court convictions for strong arm robbery, for which he was sentenced on each count to ten-years imprisonment, suspended upon the service of three years, to run concurrently with each other, *id.* at ¶ 22; (5) an August 2013 South Carolina state court conviction for assault and battery, second-degree, for which he was sentenced to three-years imprisonment, *id.* at ¶ 23; and (6) an August 2013 South Carolina state court conviction for possession of cocaine, for which he was sentenced to three-years imprisonment, *id.* at ¶ 26. Notably, with respect to Williams' May 2007 convictions, he actively served over two-years imprisonment concurrently, *id.* at ¶¶ 20–21, and with respect to his August 2013 convictions, he actively served a year and a half imprisonment concurrently, *id.* at ¶¶ 22–23, 26.

Other than Williams' objection to the four-level enhancement to his base offense level pursuant to USSG § 2K2.1(b)(6)(B), he raised no objections to the PSR. ECF No. 44-2. On April

4

24, 2019, the court sentenced Williams to 84-months imprisonment and three-years supervised release. ECF No. 41. Williams did not file a direct appeal.

Within one year of the Supreme Court's June 21, 2019 decision in *Rehaif*, 139 S. Ct. at 2191, Williams filed the instant § 2255 motion on June 19, 2020, pressing a *Rehaif* claim. ECF No. 46. In response, the Government moved for summary judgment, urging the court to deny the motion. ECF Nos. 57, 57-1, 57-2. In support of its motion, the Government submitted as exhibits, the South Carolina Department of Corrections' form Williams signed in conjunction with his releases from the South Carolina Department of Corrections on two separate occasions. ECF No. 57-2. He signed the first form more than six years prior to his offense conduct in the instant case, and the second form, which is identical to the first, three years prior to his offense conduct in the instant case. *Id.* at 1–2. The heading of the document is "GUN CONTROL ACT OF 1968." *Id.* at 2. In relevant part, the document warned Williams: (1) part of the Gun Control Act of 1968 makes it "UNLAWFUL" for a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year "to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce"; (2) "if the sentence you are finishing was the result of a conviction for a FELONY for which the punishment that might have been given was greater than one (1) year, the Gun Control Act applies to you"; and (3) "It makes no difference how long you actually served if the maximum time you could have received was greater than the one (1) [year]. For example, if you are sentenced to one (1) year suspended upon the service of six (6) months, but the maximum you could have received was three (3) years, THE ACT APPLIES TO YOU." *Id.* By signing at the conclusion of the document, Williams acknowledged he "ha[d] been read and given a copy of the Gun Control Act of 1968" and he was

5

"aware of and understood how this Act applie[d] to [him]." *Id.* An employee of the South Carolina Department of Corrections signed the form as a witness to Williams' signature. *Id.*

The Government concedes Williams' § 2255 motion is timely and "accepts" *Rehaif* provides a new substantive rule which is retroactive on collateral review because the rule narrows the class of persons the law punishes. ECF No. 57-1 at 3. *See Schriro v. Summerlin*, 542 U.S. 348, 351–53 (2004) (new substantive rule which "alters the range of conduct or the class of persons that the law punishes," falls outside general bar on retroactivity). Williams did not file a reply to the Government's motion for summary judgment.

## II. Williams' *Rehaif* Claim

In relevant part, § 924(a)(2) provides: "Whoever knowingly violates subsection [(g)] of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2). Always beginning with the word "who," subsection (g) of § 922 in turn has nine subsections listing nine different statuses making it "unlawful" for a person "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." *Id.* § 922(g). Among the nine statuses listed in § 922(g) are "any person": (1) "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," *id.* § 922(g)(1); (2) "who has been adjudicated as a mental defective or has been committed to a mental institution," *id.* § 922(g)(4); or (3) "who, being an alien--(A) is illegally or unlawfully in the United States," *id.* § 922(g)(5).

In *Rehaif*, a jury convicted the petitioner-defendant ("Rehaif") of being an alien unlawfully in the United States in possession of firearms, in violation of §§ 922(g)(5) and 924(a)(2). 139 S.

6

Ct. at 2194. At trial, Rehaif objected to the court's jury instruction "that the 'United States is not required to prove' that Rehaif 'knew that he was illegally or unlawfully in the United States,'" at the time he possessed the firearms as alleged in the indictment. *Id.* The court overruled the objection, the jury convicted Rehaif, and the court sentenced him to 18-months imprisonment. *Id.* Rehaif appealed, challenging the instruction, but the Eleventh Circuit affirmed. *Id.* at 2195. The Supreme Court granted *certiorari*. *Id.*

The *Rehaif* Court posed the question to be answered as follows: "Does [the word 'knowingly' in § 924(a)(2)] mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)?" *Id.* at 2194. In the immediately following sentence, the Court answered the question by holding "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* In its conclusion, the *Rehaif* Court restated its holding as follows: "[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the Defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[2] *Id.* at 2220.

---

[2] Citing *Langley*, 62 F.3d at 602, the Fourth Circuit first recognized in *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020), "[t]he [Supreme] Court's holding in *Rehaif* abrogated the prior precedent of this Circuit, which did not require proof of a defendant's knowledge that he belonged to the relevant category." *Lockhart*, 947 F.3d at 196.

Williams argues his guilty plea and conviction on Count 1 is invalid under *Rehaif* because prior to pleading guilty to Count 1, the district court erred by failing to inform him, in a prosecution under §§ 922(g)(1) and 924(a)(2), the Government must prove he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.[3] Relying on *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted*, No. 20-444, 2021 WL 77245 (U.S. Jan. 8, 2021), Williams contends the error is structural, thereby requiring vacatur of his guilty plea and conviction on Count 1. ECF No. 46 at 1–2.

The Government moved for summary judgment in its favor because: (1) Williams procedurally defaulted his *Rehaif* claim by failing to raise it on direct review; (2) Williams cannot demonstrate cause and prejudice to excuse his default; and (3) Williams cannot demonstrate his actual innocence to excuse his default. ECF Nos. 57, 57-1, 57-2. Williams has not presented any argument regarding procedural default, cause and prejudice, or actual innocence. Williams bears the burden of proving his grounds for collaterally attacking his guilty plea and conviction by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

**A. Williams Procedurally Defaulted his *Rehaif* Claim.**

---

[3] Notably, Williams does not argue *Rehaif* also requires the Government to prove, as an element of an offense under §§ 922(g)(1) and 924(a)(2), **he knew the law prohibits** persons who have been convicted of a crime punishable by a term of imprisonment exceeding one year from possessing a firearm or ammunition. If he had, the court notes it recently rejected the same argument, holding "the scope of a defendant's knowledge as required by *Rehaif* does not extend beyond the defendant's status under §§ 922(g) and 924(a)(2), and thus does not require the Government to prove he also knew such status put him in a category of persons legally prohibited from possessing a firearm or ammunition." *United States v. Jackson*, 2021 WL 694848, at *9 (D.S.C. Feb. 23, 2021).

The court agrees with the Government that, under binding Supreme Court precedent, Williams procedurally defaulted his *Rehaif* claim on collateral review by failing to challenge on direct review the constitutional validity of his guilty plea to and conviction on Count 1 on the basis the court misinformed him about the elements of the offense. *Bousley v. United States*, 523 U.S. 614, 621–23 (1998) (holding defendant who failed to challenge on direct review constitutional validity of guilty plea to federal offense on basis court misinformed him about elements of the offense procedurally defaulted the claim on collateral review). This is so, despite *Gary's* holding *Rehaif* "error is structural, which *per se* affects a defendant's substantial rights," *Gary*, 954 F.3d at 200. *See United States v. Asmer*, 2020 WL 6827829, at *3–5 (D.S.C. Nov. 20, 2020) (holding defendant who failed to allege *Rehaif* error on direct review from his guilty plea to one count of violating §§ 922(g)(1) and 924(a)(2) procedurally defaulted *Rehaif* claim on § 2255 motion, despite *Gary* court's deeming such error structural), *appeal filed*, No. 21-6064 (4th Cir. Jan. 11, 2021); *see also Cherry v. United States*, 2020 WL 6480921 at *1 (E.D. Va. Nov. 4, 2020) (holding *Rehaif* claim in guilty plea context subject to procedural default rules on § 2255 motion), *appeal filed*, No. 21-6011 (4th Cir. Jan. 5, 2021).

The general rule on collateral review is a defendant's procedural default may be excused, thus allowing the court's consideration of his claim on the merits, if the defendant can show either cause for the default and resulting prejudice or his actual innocence. *Bousley*, 523 U.S. at 622; *United States v. Fugit*, 703 F.3d 248, 253–54 (4th Cir. 2012). Thus, the court may consider Williams' *Rehaif* claim on the merits on collateral review only if he can first demonstrate either cause for the procedural default and resulting prejudice or that he is actually innocent of violating §§ 922(g)(1) and 924(a)(2), as alleged in Count 1.

9

### B. Williams Has Not Demonstrated Cause.

Having concluded Williams procedurally defaulted his *Rehaif* claim on collateral review, the court now turns to consider whether he has demonstrated cause for failing to raise such a claim on direct review. "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

As noted earlier, Williams presents no argument on this issue. Nonetheless, he alludes to binding precedent, which at the time of his guilty plea hearing did not require the knowledge-of-status element in a prosecution under §§ 922(g)(1) and 924(a)(2). *See Langley*, 62 F.3d at 604–08 (holding defendant's knowledge of his felony status is not an essential element of offense under §§ 922(g)(1) and 924(a)(2)). To the extent Williams suggests this binding precedent prevented his counsel from raising a *Rehaif*-type claim on the basis of novelty or futility, and thus, serves to establish cause in a cause and prejudice analysis, this court rejected novelty and futility as grounds for cause in *Asmer,* 2020 WL at 6827829, at *5–7 (relying on *Bousley* and *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001) to reject § 2255 movant's argument novelty and futility of raising *Rehaif*-type claim demonstrated cause for failure to raise it on direct review). *See also Jackson*, 2021 WL 694848, at *10 (holding, in context of § 2255 motion, defendant did not demonstrate cause to excuse his failure to raise *Rehaif*-type claim on direct review because no objective external impediments prevented him from doing so); *Wilson v. United States*, 2020 WL 4950930, at *8 (W.D.N.C. Aug. 24, 2020) (holding, in context of § 2255 motion, defendant could not demonstrate cause for failure to raise *Rehaif*-type claim on direct review), *appeal filed*, No. 20-7436 (4th Cir. Sep. 28, 2020); *United States v. Battle*, 2020 WL 4925678, at *5–6 (W.D. Penn. Aug. 21, 2020)

(same), *appeal filed*, No. 20-2726 (3d Cir. Aug. 25, 2020); *United States v. Vasquez-Ahumada*, 2020 WL 3213397, at *2 (W.D. Va. June 15, 2020) (same); *United States v. Mayo*, 2020 WL 2476167, at *2 (W.D. Va. May 13, 2020) (same); *United States v. Bryant*, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) (same). For the same reasons set forth in *Asmer*, Williams has not demonstrated cause to excuse his failure to raise a *Rehaif*-type claim on direct review on either the ground of novelty or futility. *Asmer*, 2020 WL 6827829, at *5–7.

### C. Williams Has Not Demonstrated Prejudice.

Because Williams failed to demonstrate cause, he cannot avoid the procedural bar to the court considering his *Rehaif* claim on the merits in the instant § 2255 motion unless he can demonstrate his actual innocence. Accordingly, the court need not analyze the prejudice prong of the cause and prejudice analysis. However, for the sake of thoroughness, the court will proceed to consider whether, assuming *arguendo* Williams demonstrated cause, he can demonstrate prejudice, which requires a showing of actual prejudice. *United States v. Frady*, 456 U.S. 152, 167–68 (1982).

To show actual prejudice on collateral review, a defendant must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). Thus, Williams must show that, because of the court's *Rehaif* error at his guilty plea hearing, he was actually prejudiced by the denial of an entire judicial proceeding to which he had a right. *Cf. Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (on § 2255 motion, "when a defendant claims his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability

11

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'") (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004) (when raising a forfeited attack on guilty plea on direct review under plain error standard, defendant can only demonstrate Rule 11 error affected his substantial rights by "show[ing] a reasonable probability that, but for the error [at his plea hearing], he would not have entered the plea").

Williams makes no attempt to demonstrate the *Rehaif* error worked to his actual and substantial disadvantage. Indeed, he makes no assertion to the effect, but for the *Rehaif* error, he would not have pled guilty to Count 1 and instead would have insisted on going to trial. Under this state of affairs, the conclusion is foregone Williams has failed to meet his burden of establishing actual prejudice on collateral review.

Although the court could correctly end its actual prejudice analysis here, the court notes the undisputed evidence in the *habeas* record powerfully corroborates this conclusion for it ably demonstrates: (1) the Government could have presented a strong case against Williams on the missing *Rehaif* element for which he had no viable defense; and (2) pleading guilty to Count 1 offered Williams a better outcome than he most assuredly would have achieved had he gone to trial. The Government's obligation to prove a defendant's knowledge of his felony status is not burdensome, as "knowledge can be inferred from circumstantial evidence." *Rehaif*, 139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)).

From the following evidence, a jury could have easily inferred the missing *Rehaif* element. Moreover, such evidence illustrates Williams had no viable defense to the missing *Rehaif* element. As noted earlier, Williams has no less than seven South Carolina state court convictions for which

he was originally sentenced to terms of imprisonment exceeding one year (*i.e.*, two convictions for three years, three for four years, and two for ten years). ECF No. 44 at ¶¶ 20–23, 26. With respect to his May 2007 convictions, he actively served over two-years imprisonment concurrently, *id.* at ¶¶ 20–21, and with respect to his August 2013 convictions, he actively served a year and a half imprisonment concurrently, *id.* at ¶¶ 22–23, 26. Moreover, prior to his offense conduct as alleged in Count 1, on two separate occasions, he signed the South Carolina Department of Corrections' form acknowledging, *inter alia*, the Gun Control Act of 1968 makes it unlawful for a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to "to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce," regardless "how long [the person] actually served if the maximum time [he] could have received was greater than (1)" year. ECF No. 57-2 at 1–2.

In addition to this evidence, two more facts should not be overlooked in the actual prejudice analysis. First, as part of the factual basis for Williams' guilty plea, he agreed he had been convicted of at least five crimes punishable by more than one year in prison— "grand larceny, burglary second, attempted armed robbery, strong arm robbery, and assault and battery second . . . ." ECF No. 64 at 27. Second, by pleading guilty to Count 1, Williams received a three-level decrease in his total offense level for acceptance of responsibility. ECF No. 44 at ¶¶ 47–48. Without the decrease, Williams' advisory sentencing range under the Guidelines would have gone from 84 to 105-months imprisonment to 110 to 120-months imprisonment. Consequently, had Williams elected to go to trial on Count 1 and lost, under the best-case scenario, he likely would have been sentenced to a term of imprisonment two years and two months longer than he received by pleading guilty.

13

When the overwhelming strength of the case the Government could have presented at trial on the missing *Rehaif* element is considered with the sentencing benefit Williams would have lost had he not pled guilty, the likelihood Williams would have chosen to roll the dice at trial had he known about the missing *Rehaif* element prior to his guilty plea is nil. Most importantly, Williams himself has not asserted he would have made this choice.[4] Thus, Williams has not demonstrated by a preponderance of the evidence he would have rejected the plea and gone to trial had the court informed him of the missing *Rehaif* element. In sum, Williams has not demonstrated he suffered actual prejudice flowing from the *Rehaif* error in his case.[5]

### III. Conclusion.

For the reasons set forth herein, Williams is entitled to no relief on his § 2255 motion. Therefore, the Government's motion for summary judgment is granted in full, and Williams' § 2255 motion is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[4] This case is easily distinguished from *Lee*, where the defendant satisfied the prejudice prong on his ineffective assistance of counsel claim in a § 2255 motion because, although he had no real defense to the charge of possessing ecstasy with intent to distribute and would have received a lesser prison sentence by accepting a plea rather than going to trial, he had "adequately demonstrated the reasonable probability that he would have rejected the plea had he known that it would lead to mandatory deportation." *Lee*, 137 S. Ct. at 1967.

[5] Given Williams' failure to demonstrate cause and prejudice to excuse his procedural default, his failure to assert his actual innocence of the missing *Rehaif* element, and the lack of any viable defense to the missing *Rehaif* element, the court does not specifically address the issue of Williams' actual innocence of the missing *Rehaif* element.

14

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 30, 2021

15